IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Roland K. Wells, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 7600 |
| National Enterprise Systems, Inc., an Ohio corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Roland K. Wells, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3.     Plaintiff, Roland K. Wells ("Wells"), is a citizen of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed for a Bank of America/FIA Card Services credit card, despite the fact that he was represented by the

legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, National Enterprise Systems, Inc. ("NES"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant NES operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant NES was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NES is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NES conducts business in Illinois.

6. Moreover, Defendant NES is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NES acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Wells is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Bank of America/FIA Card Services credit card. When Defendant NES began trying to collect this debt from Mr. Wells, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant NES's collection actions.

8. Accordingly, on May 31, 2011, one of Mr. Wells' attorneys at LASPD

informed NES, in writing, that Mr. Wells was represented by counsel, and directed NES to cease contacting him, and to cease all further collection activities because Mr. Wells was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant NES sent a collection letter, dated August 3, 2011, directly to Mr. Wells, which demanded payment of the Bank of America/FIA Card Services debt. A copy of this letter is attached as Exhibit D.

10. Accordingly, on September 9, 2011, one of Mr. Wells' LASPD attorneys had to write to Defendant NES again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Defendant NES's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant NES's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Wells', attorney/agent, LASPD, told Defendant

3

NES to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendant NES violated § 1692c(c) of the FDCPA.

16. Defendant NES's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant NES knew that Mr. Wells was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant NES to cease directly communicating with him. By directly sending Mr. Wells a collection letter (Exhibit D), despite being advised that he was represented by counsel, Defendant NES violated § 1692c(a)(2) of the FDCPA.

20. Defendant NES's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Roland K. Wells, prays that this Court:

1. Find that Defendant NES's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Wells, and against Defendant NES, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Roland Wells, demands trial by jury.

Roland K. Wells,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: October 25, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com